Tommie Z. **JOHNSON,**
**Plaintiff–Appellant,**

v.

**LONGVIEW INDEPENDENT SCHOOL DISTRICT, et al.,**
**Defendants–Appellees.**

Tommie Z. **JOHNSON, Plaintiff,**

v.

**LONGVIEW INDEPENDENT SCHOOL DISTRICT, et al. Defendants.**

**Appeal of David J. LaBREC, Appellant.**

Nos. 89–6251, 90–4505
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 13, 1991.

■

---

---

## ON PETITION FOR REHEARING

Before POLITZ, DAVIS and BARKSDALE, Circuit Judges.

PER CURIAM:

The petition for rehearing filed in cause No. 89–6251 is denied. But, the petition for rehearing filed in cause No. 90–4505 to vacate the imposition of sanctions against Mr. LaBrec is granted.

To justify imposition of sanctions against Mr. LaBrec for seeking attorney's fees as the prevailing party, the district court would have had to find that Mr. LaBrec knew or reasonably should have known at the time he filed Longview's motion for attorney's fees that the plaintiff's suit was not frivolous or unreasonable.

On reflection, we are persuaded that reasonable minds could differ about whether plaintiff's employment discrimination claim was frivolous. Although the district court found that racial bias and retaliation for First Amendment free speech played some role in plaintiff's nonrenewal, the evidence of her incompetence was overwhelming. We therefore conclude that the district court abused its discretion in imposing sanctions on defendant's counsel, David J. LaBrec, for seeking attorney's fees as the prevailing party.

Accordingly, the district court's order imposing Rule 11 sanctions on Mr. LaBrec is

VACATED.